THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GLEN WALDEN, Defendant-Appellant.

(No. 11672; ▮▮▮▮▮▮▮

Fourth District—August 30, 1972.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

John F. McNichols, of Defender Project, of Springfield, (J. Daniel Stewart, of counsel,) for appellant.

No appearance for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Defendant was indicted and charged with theft of property of value in excess of $150. This charge arose out of a bad check which defendant wrote on March 12, 1971, to a jewelry store in payment of the purchase price of an engagement ring. Public Defender was appointed as counsel for the defendant. On April 5, 1971, defendant pleaded not guilty and a trial date was set. Thereafter, defendant withdrew his plea of not guilty and entered a plea of guilty to Count I of the indictment. Judgment was entered on the plea on April 30, 1971, and the defendant was sentenced to a term of not less than 2 nor more than 6 years in the Illinois State Penitentiary. Illinois Defender Project was appointed counsel for defendant on this appeal.

Appellant-defense counsel have filed a brief pursuant to the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, stating that a review of the case would be frivolous in the absence of a justiciable issue and seeks leave to withdraw. We continued the motion for a period of 60 days during which the defendant was given leave to file additional points and authorities. None have been filed.

The motion to withdraw discusses the sufficiency of the court's admonishment to defendant which would appear to be the only possible issue on review. As suggested by the brief, the judge in the trial court complied with provisions in Supreme Court Rule 402 in the following matters: (1) he was informed of the nature of the charge; (2) he was informed of the minimum and maximum sentence prescribed by law; (3) he was informed of his right to plead not guilty; (4) he was informed that if he plead guilty, there would not be a trial so that by pleading guilty he waived his right to trial by jury and the right to be confronted by the witnesses against him; (5) the court determined that the plea was voluntary; and, (6) the court determined there was a factual basis for the plea.

We have examined the record and concur in the view of appointed counsel that further review of this case would be frivolous. The admonishment here under review was adequate under Supreme Court Rules. The defendant entered his plea of guilty knowingly and voluntarily and there was a factual basis for the plea. The motion of counsel to withdraw should be and the same is allowed and the judgment of the circuit court of Champaign County is affirmed.

Judgment affirmed.

SMITH and SIMKINS, JJ., concur.